UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARDA SHIPPING CO. LIMITED,             :

       Plaintiff,                              :       06 Civ. 3139 (KPC)

- against -                                             :       ECF CASE

INTERNATIONAL OIL OVERSEAS INC.,        :
a.k.a. IOOI, and
MARINA WORLD SHIPPING CORP.,            :

       Defendants.                             :
-----------------------------------------------------------X

[RECEIVED MAY 0 4 2006 U.S.D.C. S.D.N.Y. CASHIERS stamp]

## AMENDED VERIFIED COMPLAINT

The Plaintiff, GARDA SHIPPING CO. LIMITED, (hereinafter "Garda" or "Plaintiff"), by its attorneys, Tisdale & Lennon, LLC, as and for its Amended Verified Complaint against the Defendants, INTERNATIONAL OIL OVERSEAS INC., a.k.a. IOOI (hereinafter referred to as "IOOI") and MARINA WORLD SHIPPING CORP. (hereinafter referred to as "MWS") (collectively referred to as "Defendants") alleges, upon information and belief, as follows:

1.  This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2.  At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of the laws of the Malta.

3.  Plaintiff was at all material times the Owner of the motor tanker "SHIBUMI" (hereinafter the "Vessel.")

4.  Upon information and belief, at all material times, Defendant IOOI was and still is an entity duly organized and existing by virtue foreign law with a principal place of business in Panama.

—1—

5. Upon information and belief, Defendant MWS was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law.

6. IOOI was at all material times the Charterer of the Vessel.

7. By a charter party dated February 4, 1998, Plaintiff chartered the Vessel to IOOI to load "Charterers' option up to full cargo one/two grades Fuel Oil…"

8. Certain disputes arose between the parties during the course of the charter party contract regarding IOOI's failure to pay demurrage due and owing to Plaintiff under the charter party.

9. As a result of IOOI's breach of the charter party contract, Plaintiff has and will continue to suffer losses in the total principal sum of $109,388.88, as best can now be estimated, exclusive of interest.

10. Pursuant to clause K (part I) and Clause 24 (Part II) of the charter party, all disputes arising thereunder were to be submitted to arbitration in London with English law to apply.

11. Despite due demand, IOOI failed to pay the demurrage due and owing under the charter party. As a result, Plaintiff commenced arbitration to recover its damages.

12. On June 22, 2003 a Final Award was rendered in Plaintiff's favor.

13. The arbitrators awarded Plaintiff the sum of $109,388.88 for demurrage/damages, together with interest at the rate of 7.5% per annum to be compounded quarterly from April 10, 1998 until the date of payment.

14. Furthermore, IOOI was directed to pay Plaintiff's arbitration costs in reference to the Final Award and the cost of the Final Award.

15. IOOI subsequently paid the costs, however, the principal sum and compound interest remain due and owing to Plaintiff.

16. On February 27, 2002, the High Court of Justice of the United Kingdom entered judgment on the Final Award.

17. Plaintiff expects to recover the following amounts pursuant to the U.K. judgment:

| | | |
|---|---|---|
| A. | Principal claim for demurrage: | $109,388.88 |
| B. | Estimated interest on the principal claim at 7.5%, compounded quarterly, from April 10, 1998 until April 10, 2008 (approx. date of recovery): | $120,725.25 |
| Total: | | **$230,114.13** |

18. Upon information and belief, Defendant MWS acts as the general and/or managing agent of IOOI and is merely a shell-corporation through which IOOI conducts its business.

19. In the alternative, MWS is the alter ego of IOOI because IOOI dominates and disregards MWS' corporate form to the extent that MWS is actually carrying on IOOI's business and operations as if the same were its own.

20. Upon information and belief, MWS acts as paying agent, or arranges for other non-parties to satisfy the debts and obligations of IOOI.

21. Upon information and belief, MWS makes payments on IOOI's behalf; on February 22, 1998, IOOI informed the Plaintiff that it would remit payment for freight due under the charter party into Plaintiff's account. However, when the payment came through on February 24, 1998, it was clear that IOOI did not pay its own debt. Rather, as indicated on the remittance advice, MWS was the party that made the payment in order to satisfy IOOI's obligation.

22. Upon information and belief, In addition, although IOOI is the only party listed on the "SHIBUMI" arbitration award referenced herein, IOOI made its payment for the costs of the arbitration award via MWS.

23. Furthermore, upon information and belief, freight remittance details regarding a subsequent charter party dated November 12, 1998 (naming IOOI as charterer once again), confirms that IOOI uses MWS as a paying vehicle.

24. In the further alternative, Defendants are partners and/or are joint venturers.

25. In the further alternative, Defendants are affiliated companies such that MWS is now, or will soon be, holding assets belonging to IOOI and vice versa.

26. The Defendants, IOOI and MWS, cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants, IOOI and MWS, have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, State Street Bank Intl. and/or Wachovia Bank, which are believed to be due and owing to the Defendants.

27. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendants, IOOI and MWS, held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, IOOI and MWS, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Amended Complaint;

B. That since the Defendants, IOOI and MWS, cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, State Street Bank Intl. and/or Wachovia Bank which are due and owing to the Defendants, IOOI and MWS, in the amount of **$230,114.13** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Verified Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 4, 2006
New York, New York

          The Plaintiff,
          GARDA SHIPPING CO. LIMITED

By: _____
      Nancy R. Peterson (NP 2871)
      Patrick F. Lennon (PL 2162)
      TISDALE & LENNON, LLC
      11 West 42nd Street, Suite 900
      New York, NY 10036
      (212) 354-0025 (Phone)
      (212) 869-0067 (Fax)
      Npeterson@Tisdale-Lennon.com
      Plennon@Tisdale-Lennon.com

ATTORNEY VERIFICATION

State of Connecticut )
                     )   ss: SOUTHPORT
County of Fairfield  )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff, GARDA SHIPPING CO. LIMITED, in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Amended Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: May 4, 2006
       Southport, Connecticut

                                                        _____
                                                        Nancy R. Peterson